UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN CLINTON MOREHOUSE,<br><br>Defendant. | 4:18-CR-40019-02-KES<br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Kevin Clinton Morehouse, moves for compassionate relief under 18 U.S.C. § 3582(c)(1)(A)(i). Dockets 107, 114. Plaintiff, the United States of America, opposes the motion. Docket 117. For the following reasons, the court denies defendant's motion for compassionate relief.

## BACKGROUND

Morehouse pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 39. The court sentenced Morehouse to 60 months in custody and 8 years of supervised release. Docket 103. Morehouse is eligible for home confinement on December 22, 2020, and his anticipated release date is June 21, 2021. Docket 111 at 274.

Defendant is currently incarcerated in a minimum-security facility, Yankton Federal Prison Camp. *Id.* at 271-72, 274. There are no confirmed COVID-19 cases at Yankton FPC. Docket 117 at 21; *see also* Federal Bureau of Prison, https://www.bop.gov/coronavirus/ (last accessed on June 1, 2020) (Yankton FPC is not listed as a facility with any recorded COVID-19 cases).

Morehouse is 40 years old. Docket 110 at 1. His chronic medical conditions include severe lung disease (Interstitial Pulmonary Disease) and asthma. Docket 110 at 3, 5, 11, 15, 19, 22, 31, 38, 42-44, 58-59, 61-66, 69, 75, 78-80, 82-85.

On April 6, 2020, Morehouse submitted a letter to the Warden of Yankton FPC requesting an early release to home confinement because of COVID-19 and his health conditions. *Id.* at 1. The Warden's Office stamped the letter as received on April 7, 2020. *Id.* On April 8, 2020, the warden denied Morehouse's request. *Id.* at 2. On April 20, 2020, Morehouse filed a pro se motion with the court for relief under the First Step Act. Docket 107.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary

and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13. The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Morehouse argues that the "unprecedented and extraordinary risk posed by the global COVID-19 pandemic" and his serious health conditions satisfy the "extraordinary and compelling reason" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 114 at 1. Morehouse requests a sentence of time served, and if deemed necessary by the court, a period of home conferment as a condition of his supervised release. *Id.*

## I.      Administrative Exhaustion

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). The United States argues that Morehouse's motion should be denied for his failure to exhaust his administrative remedies with the BOP. Docket 117 at 8. Morehouse contends that he satisfied the exhaustion requirement. Docket 114 at 4-5.

The warden received Morehouse's request on April 7, 2020. Docket 110 at 1. The 30-day period expired on May 7, 2020, which is 30 days from the date the warden received Morehouse's request. Thus, Morehouse's motion is ripe for review on the merits.

## II. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) provides that the sentencing court may grant compassionate release based on "extraordinary and compelling reasons[.]" Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* Additionally, there is a fifth catch-all category for "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1(D).

After the FSA was passed, the Sentencing Commission did not update its policy statement because the Sentencing Commission has not had a quorum. As a result, district courts are left to determine whether the policy statement of

the Sentencing Commission that was in existence when the FSA was passed still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2019 WL 4942051, at *2 (S.D. Iowa Oct. 8, 2019). It is clear that Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020).

     Morehouse contends that his circumstances warrant relief under USSG § 1B1.13, comment note 1(D). Docket 114 at 5, 11-12. Morehouse argues that his medical conditions put him at high-risk of severe illness if he contracts COVID-19. *Id.* at 8-9. COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. These include a

5

compromised immune system, chronic lung disease, diabetes, kidney disease, heart disease, and asthma. *Groups at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last updated May 14, 2020).

The court has reviewed the medical records submitted in this case. Morehouse has severe lung disease (Interstitial Pulmonary Disease) and asthma. Docket 110 at 3, 5, 11, 15, 19, 22, 31, 38, 42-44, 58-59, 61-66, 69, 75, 78-80, 82-85. Morehouse's asthma is listed as a resolved condition per BOP medical records. *Id.* at 3. Morehouse takes medication to manage these conditions. *Id.* at 105-08. Although Morehouse has medical conditions that theoretically put him at a higher risk for severe illness if he contracted COVID-19, that has not been the case as of yet.

Additionally, Morehouse's motion has not shown that the BOP's response to the pandemic at Yankton FPC has been inadequate in any way. *See United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("[T]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."). Yankton FPC encourages its inmates to practice social distancing, wear facial masks, and wash their hands frequently. *See* Docket 111 at 246-48. And Yankton FPC has yet to report a confirmed case of COVID-19. Thus, the court

6

finds that Morehouse's circumstances do not clear the high bar necessary to warrant a sentence reduction under USSG § 1B1.13 comment note 1(D). *See Condon*, 2020 WL 2115807, at *4 (denying motion for compassionate release because, though defendant suffered from significant health problems, defendant did not "demonstrate that her susceptibility to COVID-19 while incarcerated presents an extraordinary and compelling reason for a sentence reduction" and noting that there were no positive COVID-19 cases at defendant's facility).

Next, Morehouse argues that he also meets the criteria of extraordinary and compelling reasons under the medical conditions category, USSG § 1B1.13 comment note 1(A). Docket 114 at 12; Docket 120 at 10. As discussed above, the medical records show that Morehouse has at least one severe medical condition. But nothing in the record suggests that Morehouse's ability "to provide self-care within the environment of a correctional facility" has been substantially diminished because of COVID-19. USSG § 1B1.13 cmt. n.1(A). Morehouse's medical conditions are currently being managed with medication in Yankton FPC, a facility with no positive COVID-19 cases as of yet. *See* Docket 110 at 10-12. Additionally, although Morehouse is unable to practice preventative measure as effectively in custody as he would in home confinement, Yankton FPC does encourage inmates to wash their hands frequently, wear facial masks, and practice social distancing when feasible. Docket 111 at 246-48; Docket 120-1. Morehouse can do all those recommendations to some extent. *See* Docket 120-1. Thus, the court finds that

Morehouse does not satisfy the criteria under USSG § 1B1.13 comment note 1(A).

## CONCLUSION

Morehouse has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 107) is denied.

Dated June 1, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE